**Solomon KATZ, and Fruehauf Corporation, Plaintiffs,**

**v.**

**David L. LADD, Commissioner of Patents, Defendant.**

**Civ. A. No. 1852–63.**

United States District Court
District of Columbia.

July 21, 1965.

Milton Osheroff, Tashof & Osheroff, Washington, D. C., Max R. Millman, Millman & Jacobs, Philadelphia, Pa., for plaintiffs.

Clarence W. Moore, Sol., U. S. Patent Office, Washington, D. C., for defendant.

JACKSON, District Judge.

This action came on for trial March 22, 1965. After reviewing the evidence presented, and considering the briefs the parties were accorded an opportunity to file, the Court has found for the defendant, and against the plaintiffs, and will order that the Complaint be dismissed.

In accordance with Rule 52(a), Federal Rules of Civil Procedure, the Court states its Findings of Fact and Conclusions of Law separately as follows:

## FINDINGS OF FACT

1. Plaintiffs, Solomon Katz as the applicant, and Fruehauf Corporation, as the assignee, brought this action under Title 35 of the United States Code, § 145, seeking a judgment from this Court authorizing the defendant, Commissioner of Patents, to issue letters patent to the plaintiffs on an application for patent, Serial No. 807,383, filed April 20, 1959, entitled "Coupled Cargo Van Containers."

2. The application in suit relates to the hauling of freight and discloses a pair (2 or more) of frameless van size cargo containers coupled together end-to-end for handling as a unit in transportation by cargo plane, ship, railway flat car, and as a semi-trailer in highway transport. The containers have an area greater than 64 sq. ft., a height of generally 8 ft., and side walls which alone provide the longitudinal beam strength of the container. Separable couplers at the four corners of each end of the containers are designed to transmit tension, compression, and shear forces from one container to the other, and to produce a rigidly coupled unit which is capable of being lifted by the four outer corners or supported without auxiliary devices contributing to the strength of the unit. It can be readily uncoupled to separate the containers.

3. Claims 1, 2, 4 and 9 define coupled cargo van containers. Claim 1 reads as follows:

1. A pair of van size cargo containers, each including side, end, top and bottom walls, the side walls alone providing the longitudinal beam strength of the container, and means separably and rigidly coupling said containers together horizontally, said means transmitting tension, compression and shear forces from container to container in magnitude sufficient to produce a unitary structure, whereby said containers as a unit are capable of being lifted or supported without auxiliary devices contributing to the strength of the connected containers.

Claim 2 calls for "substantially rectangular" cargo containers "in substantial longitudinal alignment", with means coupling the containers together "adjacent their near corners" and "means at the remote corners * * * adapted to be coupled to a lifting mechanism." Claim 2 otherwise corresponds to claim 1. Claim 4 similarly calls for "substantially rectangular" cargo containers "in substantial longitudinal alignment" but specifies "vertically spaced pairs of couplers * * * coupling said containers together horizontally adjacent their near corners," each of the pairs of couplers being "capable of transmitting loads compatible with the forces produced by cargoes of varying densities * * *." Claim 4 otherwise corresponds to claim 1. Claim 9 specifies means coupling the containers "end to end horizontally adjacent their confronting corners." Claim 9 otherwise corresponds to claim 2.

Claims 5 to 8 are drawn to a method for handling freight. Claim 5 reads as follows:

5. A system of handling freight comprised of providing a pair of van size cargo containers, each including side, end, top and bottom walls, the side alone providing the longitudinal beam strength of the container, separably coupling the containers horizontally so that tension, compression and vertical shear forces are transmitted from container to container in magnitudes sufficient to produce a unitary structure, supporting the coupled containers without contributing to the strength thereof, and lifting the coupled containers adjacent their uncoupled ends.

Claim 6 omits the references to a specific location for lifting the coupled containers, and instead specifies lifting the containers "without contributing to the strength thereof." Claim 6 otherwise corresponds to claim 5. Claim 7 calls for the step of moving coupled containers while supporting the containers without contributing to the strength thereof. Claim 7 otherwise corresponds to claim 6. Claim 8 omits the step of lifting the coupled containers and otherwise corresponds to claim 5.

4. The defendant relies upon the following prior patents having the disclosures described to show that the subject matter of claims 1, 2, and 4 through 9 is unpatentable:

(a) A United States patent to Hilpert, No. 820,974, granted May 20, 1906, which relates to the transportation of cargo on land as well as water, and discloses a barge formed from rectangular compartments or sections which are self-contained as to flotation and stability and connected one to another, end-to-end and side-to-side, and covered over with a roof. The sections may be detached, lifted out of the water, and carried by railway flat cars to an inland destination. The sections are graduated in size to permit the return of an empty barge as a single row of connected sections with the remaining sections nested therein in a collapsed condition adapted for transportation by railway flat car. The sections have sidewalls described as "in effect plate-girders" connected to load-transmitting end walls. Each end of the sections has separable couplers in the form of a nut and bolt near each upper corner and a hook and ear near each bottom corner.

(b) A United States patent to Schumacher, No. 2,841,094, granted July 1, 1958, relates to highway semi-trailers adapted to be transported by rail. Claim 1 of the patent particularly points out the following invention:

1. A railway vehicle body consisting of two highway semi-trailer bodies each having girder-like sidewalls, and means on the rear end of each sidewall for detachably securing said bodies to each other back-to-back, said securing means comprising a toothed vertical member rigidly secured to the rear end of each sidewall and extending substantially the full height of said sidewall and detachably engaged with a cooperating similar member on the other said semi-trailer body.

Each pair of connected semi-trailer bodies is supported solely at the ends by detachable railway trucks which connect the rear end of one pair of connected trailer bodies to the front end of the next pair of connected trailer bodies.

5. The Schumacher patent discloses van size cargo containers in which the side walls alone provide the longitudinal beam strength of the container. The patent shows that it is old to connect two such containers together by coupling means capable of forming one continuous beam of two containers which can be lifted, supported, and moved as a unit without auxiliary devices contributing strength to the unit.

6. The only recitation in the claims not met by Schumacher is the reference

in claims 2 and 9 to "means at the remote corners of said containers adapted to be coupled to a lifting mechanism."

7. It would be obvious to a person of ordinary skill in the art to provide the remote corners of the containers shown by Schumacher with means adapted to be coupled to a lifting mechanism.

8. The cargo containers shown by Hilpert are "van" size and have side walls which alone provide the longitudinal beam strength of the container. The separable coupling means at the top and bottom corners obviously are capable of producing a unitary structure.

9. In claims 1, 2, 4 and 9, the expression beginning "whereby said container-ers" is a statement of intended use.

10. The main concept called for in claims 5 through 8 is the method of coupling together two van size cargo containers to produce a unitary structure, and supporting and lifting the coupled containers without contributing to the strength thereof. This method is shown to be old by Schumacher.

11. In view of the Schumacher patent, the method called for in claims 5 through 8 would be obvious to a person of ordinary skill in the art as a method for handling more than one of Hilpert's containers at a time.

12. The pair of coupled cargo containers and the system of handling freight set forth in claims 1, 2, and 4 through 9 would have been obvious to a person of ordinary skill in the art having before him the Schumacher patent.

13. The pair of coupled cargo containers and the system of handling freight set forth in claims 1, 2, and 4 through 9 would have been obvious to a person of ordinary skill in the art having before him the Schumacher and the Hilpert patents.

14. The pair of coupled cargo containers set forth in claims 1, 2, 4 and 9 would have been obvious to a person of ordinary skill in the art having before him the Hilpert patent.

15. Claims 1, 2 and 4 through 9 are unpatentable in view of the prior art.

## CONCLUSIONS OF LAW

1. Plaintiffs are not entitled to a patent containing any of claims 1, 2, and 4 through 9.

2. The Complaint should be dismissed as to all of the claims.