**Solomon KATZ et al., Appellants,**

*v.*

**David L. LADD, Commissioner of Patents, Appellee.**

**No. 19740.**

United States Court of Appeals District of Columbia Circuit.

Argued Feb. 15, 1966.

Decided Oct. 13, 1966.

Mr. Max R. Millman, Philadelphia, Pa., with whom Messrs. Morton C. Jacobs, Philadelphia, Pa., and Milton Osheroff, Washington, D. C., were on the brief, for appellants.

Mr. Joseph F. Nakamura, Washington, D. C., Atty., U. S. Patent Office, with whom Mr. Joseph Schimmel, Acting Sol., U. S. Patent Office, was on the brief, for appellee.

Before EDGERTON, Senior Circuit Judge, and DANAHER and BURGER, Circuit Judges.

PER CURIAM:

The Patent Office tribunals and the District Court after trial refused to allow the appellants' claims on the ground that they failed to define patentable invention over the prior art. We have carefully examined the entire record and have studied the transcript of the evidence offered at trial. We have concluded that the findings of the District Judge have not been shown to be clearly erroneous and that there was no error in the dismissal of the appellants' complaint.

The appellants' application related to containers, two or more coupled end to end, to be utilized in the hauling of freight whether by cargo plane, ship, railway flat car or as a semi-trailer in highway transportation. Doubtless, as appellants claimed, there would be substantial and important economies in the mechanical facilities and the labor required to support, transport and lift the containers, but obviously, mere utility, though highly advantageous, will not suffice.

The appellants had developed the idea of coupling two or more cargo containers which would be strong enough without the added weight of frames to be lifted or supported by means not necessary to contribute to the strength of the horizontally coupled containers. Appellants claimed that their concept resulted in the transmission of tension, compression and vertical shear forces from container to container, thus providing a much lighter form of movement of such goods as could be placed in the containers, for no auxiliary support would be required.

The appellants' application was rejected by the Patent Office as unpatentable over the prior art. On reconsideration, the Board of Patent Appeals adhered to its earlier decision. Judge Jackson, testing the appellants' claims against the prior art, concluded that appellants' concept would have been obvious to a person of ordinary skill in the art having before him the Schumacher patent No. 2,841,094 and the Hilpert patent No. 820,974. We are satisfied that he reached a correct result.[1] Standard Oil Development Co. v. Marzall, 86 U.S.App.D.C. 210, 213, 214, 181 F.2d 280, 283, 284 (1950).

Affirmed.

---

1. Appellants moved that we defer issuance of an opinion while the Patent Office considered and acted upon a "continuation" application which the appellants had filed after argument here. Relief on that score has been denied according to advices from appellants' counsel to the Clerk of this court.