54 CCPA

### Application of Arthur A. HELLBAUM. Patent Appeal No. 7743.

United States Court of Customs and Patent Appeals.
Feb. 9, 1967.

Herman Hersh, Chicago, Ill., George A. Degnan, Washington, D. C., for appellant.

Joseph Schimmel, Washington, D. C., (Jack E. Armore, Washington, D. C., of counsel), for Commissioner of Patents.

Before WORLEY, Chief Judge, RICH, SMITH, and ALMOND, Judges, and Judge WILLIAM H. KIRKPATRICK.*

SMITH, Judge.

This is an appeal from a decision of the Board of Appeals affirming the examiner's rejection under 35 U.S.C. § 103 and res judicata of claims [1] 2 and 4. The prior art references relied on are:

| | | | |
|---|---|---|---|
| Merckel et al. | [Merckel] | 2,627,493 | February 3, 1953 |
| Strean | | 2,449,184 | September 14, 1948 |

The claims were considered together. Claim 2 defines the invention as follows:

2. A product comprising sugar crystals and a coating on the sugar crystals containing a soluble fluoride in which the fluorine ion is present in an amount greater than one part by weight of the fluorine per one million parts by weight of the sugar crystals.

Appellant describes his invention as follows:

The invention of appellant is based on the discovery that sugar can be

---

* Senior District Judge, Eastern District of Pennsylvania, sitting by designation.

1. Application Ser. No. 139,895, filed September 22, 1961, for "Fluorinated Carbohydrates and Use for Same."

inactivated by the combination with fluorine or fluorides, at least insofar as its ability to increase the rate of growth of lactobacillus acidophilus. The reaction to inactivate the sugar, without interfering with its use as a sweetener, is believed to be a synergistic reaction that takes place by reason of the immediate presence of fluorine with sugar when taken into the human system.

Considering the prior art, Strean discloses compositions containing fluorides which inhibit dental caries when absorbed into the enamel of teeth. The compositions are "administered orally in the form of a lozenge, tablet or the like" and contain sugar and calcium fluoride or sodium fluoride. The materials are combined by mixing and the sugar is used for flavoring.

Merckel discloses a method for making a chewing gum having as an ingredient sodium fluoride "for effectuating fluorine treatment of the teeth." After preparing the gum base both sugar and the fluorides "are included to the extent desired and conveniently in the same, final mixing step."

Appellant has previously presented claims[2] defining an admixture of sugar in crystalline form with a fluorine salt. The board affirmed an examiner's rejection under 35 U.S.C. § 103 based on the same references relied on here. That decision, which is not of record and date unknown, is urged to be res judicata as to the claims presented here.

■ Res judicata requires, inter alia, a showing of an identity of the *issues* presented for adjudication and the *issues* previously decided. In re

Szwarc, 319 F.2d 277, 50 CCPA 1571, In re Fried, 312 F.2d 930, 50 CCPA 954. A determination that an admixture of sugar and fluorine salt is obvious in view of the facts present before a previous board is not a determination that a fluorine coated sugar crystal is obvious in view of the facts presented here. We think the board erred in sustaining the examiner's rejection based on res judicata. We therefore turn to a consideration of the rejection based on section 103.

Both of the products disclosed in the prior art achieve the desired result stated in appellant's specification:

* * * To impart the desired result, it is necessary for the fluorine to be made available in a water-soluble stage or in a stage which is soluble in the juices that are present in the oral cavity.

■ Mixing sugar and fluorides to prepare a product for oral administration to inhibit tooth decay is thus old. The difference between appellant's invention and the prior art teachings resides in the method of combining the ingredients. The board found that coating the sugar with fluorides was but "a convenient way of combining the sugar and fluorides." Appellant has not submitted any evidence tending to demonstrate that this conclusion is unreasonable.

In view of the teachings of the prior art and facts of record,[3] we agree with and affirm the board's conclusion that the claimed invention is obvious.

The decision of the board is therefore affirmed.

Affirmed.

WORLEY, C. J., concurs in the result.

2. In Application Ser. No. 772,413, filed November 7, 1958.

3. The "synergistic action" and "inactivated" sugar referred to by appellant are not explained or demonstrated by facts of record. No new or unexpected result, supported by facts, has been shown for consideration under 35 U.S.C. § 103.