**Application of Solomon KATZ.**

**Patent Appeal No. 8372.**

United States Court of Customs and Patent Appeals.

Nov. 5, 1970.

**940**

Max R. Millman, J. A. Drobile, R. S. Bramson, Philadelphia, Pa., attorneys of record, for appellant.

S. Wm. Cochran, Washington, D. C., for the Commissioner of Patents. R. V. Lupo, Washington, D. C., of counsel.

Before RICH, ALMOND, BALDWIN, and LANE, Judges, and McMANUS, Judge, Northern District of Iowa, sitting by designation.

ALMOND, Judge.

This is an appeal from the decision of the Patent Office Board of Appeals affirming the rejection of claims 1–9 of appellant's application entitled "Coupled Cargo Van Containers."[1] No claims have been allowed.

The invention relates to containerized cargo vans for hauling freight by sea, rail, air or highway transportation. Two or more cargo containers are coupled together end-to-end. As a result of the transmission of tension, compression, and shear forces from container to container, there is produced a rigidly coupled unit which is capable of being lifted or supported without auxiliary devices contributing to the strength of the unit. It can be readily uncoupled to separate the containers. The van size cargo containers are described in the specification as being "frameless." It is also disclosed that:

> The walls may be made of sheet metal and of any suitable construction except that the container does not include any frame contributing to the strength or weight of the container. In such a structure it is the side walls * * * which provide the longitudinal beam strength of the container, the front and rear walls * * * and the upper and lower walls * * * serving to stabilize the same.

Claim 1 is illustrative of the first four claims:

> 1. A pair of frameless van size cargo containers, each including side, end, top and bottom walls, the side walls alone providing the longitudinal beam strength of the containers, and means separably and rigidly coupling said containers together horizontally, said means transmitting tension, compression and shear forces from container to container in magnitudes sufficient to produce a unitary structure so that said containers as a unit can be lifted or supported without auxiliary devices contributing to the strength of the connected containers.

Claims 5–8 are drawn to a method for handling freight utilizing the coupled containers. Claim 9 is similar to claim 1 except that instead of using the term "frameless" to describe the containers, the side walls are described as "being of stressed-skin construction."

The references relied upon were:

| Hilpert | 820,974 | May 22, 1906 |
| Schumacher | 2,841,094 | July 1, 1958 |

Hilpert, which relates to the transportation of cargo on land as well as on wa-

1. Serial No. 524,666 filed February 23, 1966 as a continuation of serial No. 807,383 filed April 20, 1959.

ter, discloses a compartmentized barge wherein two or more compartments are coupled together. The side walls are described as plate-girders connected to load-transmitting end walls. Diagonal stiffening members are riveted to each of the side plates.

Schumacher, which relates to highway semi-trailers adapted to be transported by rail, discloses coupling van size cargo containers together end-to-end. The coupled containers can be lifted, supported, and moved as a unit without auxiliary devices contributing strength to the unit. The side walls are described as girder-like with reinforced side framing.

The present application is a continuation of application serial No. 807,383 filed April 20, 1959, which was the subject of an earlier civil action under 35 U.S.C. § 145. The District Court, finding all the claims in that application unpatentable over Hilpert and Schumacher, dismissed the complaint and the Court of Appeals affirmed that action.[2] Claims 1–8 of the present application are substantially the same as were before the District and Appeals courts except that the present claims 1–8 contain the word "frameless" as a limitation on the cargo container.

Claims 1–8 were rejected on two different grounds—res judicata and obviousness under 35 U.S.C. § 103 (claims 1–4 over Hilpert and claims 5–8 over Hilpert in view of Schumacher). The point of contention in both rejections centers around the word "frameless," which was the only addition in claims 1–8 over the claims involved in the prior action.

Appellant contends that the term "frameless" has a definite meaning in the art. In support of this contention, appellant refers to the testimony taken in the District Court in the prior action. The witness there expressed the view that:

* * * in the vehicle industry the term "frameless" has a very specific meaning. It refers to a vehicle in which the side panels are basically what is known as stress skin construction, where the beam strength of the trailer, its ability to support loads, is provided entirely by the side panel of the trailer and does not depend upon a frame or a pair of rails underneath the floor structure to support the load.

Appellant concludes that since "frameless" has a definite meaning, the addition of that term to the present claims makes them both different for the purposes of obviating a res judicata rejection and also patentable over the prior art.

On the other hand, the Board of Appeals found that "there is no structure disclosed which could give meaning and life to the term 'frameless'." The board also felt that the term does not appear to have any certain meaning in the art. It said that the testimony appellant relies on is "nebulous and does not remedy the failure of the specification to properly disclose such container or at least make adequate reference to a disclosure of such container."

The only description in the specification of what is meant by the term "frameless" is that previously quoted which states that the container does not include any frame, but that the side walls provide the longitudinal beam strength of the container. The record in the parent application supports the fact that this is what appellant meant by the term "frameless." Evidently, the word "frameless" had at one time been included in the claims of the parent application, but it was deleted by amendment. The result, according to the statement of appellant in the amendment, was that "the claims now define the structural equivalent thereof." In this statement appellant was apparently referring to the provision in the claims for "the side walls alone providing the longitudinal beam strength of the container."

2. Katz v. Ladd, 243 F.Supp. 583 (D.D.C.1965), aff'd per curiam, 125 U.S.App.D.C. 170, 369 F.2d 215 (1966).

We have carefully studied the excerpts of the relevant testimony in the prior action, but we are not convinced that the testimony shows that the word "frameless" has a meaning any more definite than that which we elicit from the disclosure in the application as originally filed.

### The Res Judicata Rejection

This court has previously held that res judicata requires a showing of an identity of the issues presented for adjudication and the issues previously decided. In re Hellbaum, 371 F.2d 1022, 54 CCPA 1051 (1967); In re Fried, 312 F.2d 930, 50 CCPA 954 (1963). It is our opinion that the issues considered in the prior action are the same as those raised here. Since the term "frameless" has not been shown to mean anything more than what was set forth in the specification and claims of the parent application, the claims which were considered by the District and Appeals courts had that limitation in issue. As mentioned, the claims in the parent application called for "the side walls alone providing the longitudinal beam strength of the container," and that is what we have found the term "frameless" to mean in the present application. Judge Jackson, in writing the District Court opinion, explicitly pointed out that this feature is shown in the references. In the findings of fact, it was stated that the "Schumacher patent discloses van size cargo containers in which the side walls alone provide the longitudinal beam strength of the container."[3] Likewise, the finding of fact regarding Hilpert concluded that the "cargo containers shown by Hilpert are 'van' size and have side walls which alone provide the longitudinal beam strength of the container."[4]

No new evidence of what is meant by the word "frameless" and by the phrase "the side walls alone providing the longitudinal beam strength of the containers" has been presented in the instant record. All of the evidence relied upon by appellant stems from the record of the prior action, and thus was considered by the District and Appeals courts. Since appellant himself stated that the claims there were the structural equivalent of "frameless," and since those claims have been considered and adjudicated, the addition of that one word to the present claims does not raise any new issues for us to consider.

### The New Matter Rejection

Our conclusions with regard to the meaning of the word "frameless" are also determinative of this issue. We agree with the board that appellant has not proven that the term "frameless" means to one of ordinary skill in the art "being of stressed-skin construction," as appellant now alleges. Therefore, the attempted addition of that definition to the specification and the use of the phrase "being of stressed-skin construction" in claim 9 constitute new matter under 35 U.S.C. § 132, and thus the claim is not supported by the disclosure as originally filed.

### Conclusion

For the reasons set forth above, we find that the rejection of claims 1–8 on res judicata was proper. Since we agree with the res judicata rejection, there is no need to discuss the rejection of claims 1–8 under 35 U.S.C. § 103. We also agree, for the reasons given above, with the rejection of claim 9. Accordingly, the decision of the board is affirmed.

Affirmed.

---

3. Katz v. Ladd, supra, 243 F.Supp. at 585.

4. *Id.* at 586.