NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**IN RE: BLAISE LAURENT MOUTTET,**
*Appellant*

---

2017-2077

---

Appeal from the United States Patent and Trademark Office, Patent Trial and Appeal Board in No. 12/007,174.

---

Decided: December 8, 2017

---

BLAISE LAURENT MOUTTET, Las Vegas, NV, pro se.

NATHAN K. KELLEY, Office of the Solicitor, United States Patent and Trademark Office, Alexandria, VA, for appellee Joseph Matal. Also represented by SARAH E. CRAVEN, THOMAS W. KRAUSE, MEREDITH HOPE SCHOENFELD.

---

Before MOORE, TARANTO, and STOLL, *Circuit Judges.*

PER CURIAM.

Blaise Laurent Mouttet filed U.S. Patent Application No. 12/007,174 on January 8, 2008. As relevant here, the patent examiner rejected claims 35–40 for indefiniteness and claim 25 for obviousness. The Patent Trial and

Appeal Board of the Patent and Trademark Office (PTO) upheld those rejections. Mr. Mouttet appeals that decision. We reverse the Board's decision regarding claims 35–40 and affirm regarding claim 25.

I

Mr. Mouttet's '174 application, entitled "Crossbar Arithmetic and Summation Processor," is a continuation-in-part of U.S. Patent Application No. 11/395,232 filed April 3, 2006. In 2011, the Board of Patent Appeals and Interferences—predecessor of the Patent Trial and Appeal Board—addressed the '232 application and rejected all claims as invalid for obviousness under 35 U.S.C. § 103 (2006). *Ex Parte Blaise Laurent Mouttet*, No. 2009-010041, 2011 WL 1131338, at *4 (B.P.A.I. Mar. 28, 2011). We affirmed that decision in 2012. *In re Mouttet*, 686 F.3d 1322, 1334 (Fed. Cir. 2012).

The '174 application, at issue in this case, discloses a processor, composed of a crossbar array, a programming unit, an input unit, and a post-processing unit, that is designed to perform arithmetic and summation processes and output a numerical value. J.A. 22, ¶0009. Claim 25, added during prosecution, is an illustrative apparatus claim. It recites:

25. A computing device comprising:

at least one crossbar array including a first set of N conductive parallel wires (N≥2) forming a set of columns and a second set of M conductive parallel wires (M≥2) forming a set of rows, and formed so as to intersect the first set of conductive parallel wires, wherein intersections are formed between the first and second sets of wires forming MxN crosspoints wherein each of the crosspoints is programmable so as to be in a relatively high conductive state representative of a binary value 1

or a relatively low conductive state representative of a binary value 0;

a programming unit configured to program the crosspoints to have one of the relatively high conductive state or the relatively low conductive state so that at least one column of the crossbar array stores a bit pattern representative of a programmed numerical value;

an input unit configured to provide a bit pattern representative of an input numerical value to the columns of the crossbar array; and

a post-processing unit configured to convert analog signals output from each of the rows of the crossbar array into digital output bit patterns and configured to combine the digital output bit patterns so as to form a resultant bit pattern representative of an output numerical value,

wherein the output numerical value is mathematically dependent on both the programmed numerical value and the input numerical value.

J.A. 13.

The patent examiner, in a Final Office Action dated July 13, 2015, rejected claims 1, 8, 9, 20, 25–31, and 35–40 for obviousness under 35 U.S.C. § 103 (2006) and also rejected claims 35–40 for indefiniteness under 35 U.S.C. § 112, second paragraph (2006).[1] *Ex Parte Blaise Laurent Mouttet*, No. 2016-006117, 2017 WL 1423363, at *1–2 (P.T.A.B. Mar. 31, 2017) (*Board Decision*). The Board affirmed the examiner's obviousness rejection for claim

---

[1] The '174 application is governed by the versions of §§ 103 and 112 that were in effect before amendment by the Leahy-Smith America Invents Act, Pub. L. No. 112-29, § 3(n)(1), 125 Stat. 284, 293 (2011).

25, but reversed the obviousness rejections for all other claims. *Id.* at \*5. And the Board affirmed the examiner's rejection of claims 35–40 for indefiniteness, concluding that those claims mix statutory classes by claiming an apparatus and method simultaneously. *Id.*

Mr. Mouttet appeals the Board's decision under 35 U.S.C. § 141(a). We have jurisdiction under 28 U.S.C. § 1295(a)(4)(A).

## II

### A

On appeal, the PTO's Director concedes that the Board erred in rejecting claims 35–40 as indefinite and is not defending that rejection. Appellee's Br. 1. The Director agrees with Mr. Mouttet "that claims 35–40 do not improperly merge statutory classes," but are method claims, "drawn only to practicing the claimed method in a processor possessing the requisite structure." *Id.* at 1, 5. We agree. Claim 35 recites "[a] method of performing a division process using the processor of claim 1 comprising" steps of "programming," "setting a bit number," "calculating," "comparing," another "comparing," and "ending the division process." J.A. 15. Claims 36–40 further specify process steps. J.A. 15–16. We therefore reverse the Board's rejection of claims 35–40.

### B

In rejecting claim 25 of the '174 application here, the Board concluded that it "need not readdress the patentability of claim 25" in light of the earlier rejection of claim 1 of the '232 application for obviousness over the Falk, Das, and Terepin references, the same references as are at issue here. *Board Decision*, 2014 WL 4923518, at \*4. In 2012, this court affirmed the rejection of claim 1 of the '232 application. *In re Mouttet*, 686 F.3d at 1331–33. We now affirm the rejection of claim 25 of the '174 application. In the circumstances of this case, Mr. Mouttet is not

entitled to the reassessment of obviousness of the same claimed invention that he seeks.

Claim 25 of the '174 application is identical to claim 1 of the '232 application. *Compare* J.A. 13 (claim 25 of the '174 application), *with In re Mouttet*, 686 F.3d at 1325 (quoting claim 1 of the '232 application). We have before us no new claim construction, or argument for a new claim construction, that would change the substance of the claimed invention at issue. Mr. Mouttet points to nothing in the specification of the '174 application that differs from the specification of the '232 application and is material to the obviousness question. He has not presented any new evidence, whether concerning unexpected results, objective indicia, or anything else. Rather, he has presented only new argument, about the teachings and combinability of Falk, Das, and Terpin, which were essential elements of the earlier determination of obviousness by the Board and this court. *See In re Mouttet*, 686 F.3d at 1327–30 (describing examiner and Board decisions, finding elements present and combinable), 1331–34 (analyzing combinability and teaching-away challenges). And there is no basis for finding that Mr. Mouttet lacked a full and fair opportunity to make his current contentions about obviousness when contesting obviousness of the identical claim in the earlier case.

In these circumstances, it is proper to give the earlier determination of obviousness of claim 1 of the '232 application preclusive effect to require rejection of claim 25 of the '174 application. *See, e.g.*, *In re Freeman*, 30 F.3d 1459, 1465 (Fed. Cir. 1994) ("Where an appellate court has decided a specific question, the doctrine of issue preclusion should normally prevent relitigation of that issue."); *In re Katz*, 467 F.2d 939, 942 (C.C.P.A. 1970); *In re Lundberg*, 280 F.2d 865, 868–72 (C.C.P.A. 1960); *see also In re Arunachalam*, No. 2016-1607, 2017 WL 4387224, at *2–4 (Fed. Cir. Oct. 3, 2017).

## III

For the foregoing reasons, we reverse the Board's decision regarding claims 35–40 and affirm the Board's decision regarding claim 25.

No costs.

**REVERSED IN PART AND AFFIRMED IN PART**